UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 5: 18-134-DCR |
| V. | ) |
| GREGORY THOMOPOULOS, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Defendant Gregory Thomopoulos is a forty-four-year-old convicted felon, currently serving a 262-month term of imprisonment. Thomopoulos recently moved the Court to appoint counsel and reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). [Record Nos. 57 and 58] As grounds for the motion, the defendant cites changes in the law, post-sentencing conduct, 3553(a) factors, prison conditions, his disciplinary record, and rehabilitation. However, the Court concludes that a sentence reduction is not available to the defendant under the circumstances and, in any event, would not be warranted. As a result, the defendant's motions will be denied.

Defendant Thomopoulos entered a guilty plea on April 1, 2019, to possessing with the intent to distribute 50 grams or more of a methamphetamine mixture (Count 1), possessing with the intent to distribute a fentanyl mixture (Count 2) possessing a firearm in furtherance of his drug trafficking crimes (Count 3), and possessing a firearm following a felony conviction (Count 4). [Record Nos. 24 and 25] Based on earlier convictions for serious drug offenses, at the time of sentencing, Thomopoulos was determined to be a Career Offender under the United

States Sentencing Guidelines. As outlined in his initial Presentence Investigation Report ("PSR"; Record No. 38), with a Total Offense Level 34 and Criminal History Category VI[1], the defendant's non-binding guidelines range for Counts 1 and 2 was 262 to 327 months of incarceration. However, based on the required mandatory minimum consecutive term of 60 months for Count 3, Thomopoulos's effective guideline range for incarceration was 322 to 387 months. [*See* PSR, ¶¶ 101-103.]

Prior to the sentencing hearing, counsel for the United States filed a notice of withdrawal of the enhanced statutory penalty under 21 U.S.C. § 851. [Record No. 32] According to counsel for the United States, the 851 notice was withdrawn "based upon Department of Justice policy with respect to the First Step Act". [Record No. 35, p. 4] As a result, the defendant's Total Offense Level was reduced to 31 and his corresponding guideline range for incarceration for Counts 1 and 2 was reduced to 202 to 267 months of incarceration. [*Id.,* pp. 3-4]

At sentencing, the defendant did not object to any information contained in the PSR, including his designation as a Career Offender. [Record No. 35] And after considering the

---

[1] Notwithstanding his designation as a Career Offender, the defendant would have been placed in Criminal History Category VI based upon 26 criminal history points. These points were assessed for adult convictions which included, *inter alia*: 1st degree robbery (PSR, ¶ 51), 2nd degree burglary/forced entry (PSR, ¶ 52), passing counterfeit federal reserve notes (PSR, ¶ 55), 1st degree trafficking in a controlled substance and carrying a concealed deadly weapon (PSR, ¶ 56), trafficking in a controlled substance (PSR, ¶ 58), 1st degree trafficking in a controlled substance, 3rd degree trafficking in a controlled substance, and possession of drug paraphernalia (PSR, ¶ 60), and promoting contraband (PSR, ¶ 61).

defendant's statements and motion for a reduced sentence, the Court imposed a sentence at the bottom of the guideline range for incarceration.  [Id. at pp. 10-11][2]

Defendant Thomopoulos waived the right to appeal his guilty plea, conviction and any sentence that did not exceed the advisory guidelines range as calculated by the Court at the time of the sentencing hearing.  [*See* Record No. 24; Plea Agreement, ¶ 14.]  However, the defendant breached his agreement with the government by filing a *pro se* Notice of Appeal on August 2, 2019.  [Record No. 37]  On February 25, 2020, the United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment.  [Record No. 47]  In relevant part, the court concluded:

> The record demonstrates that the district court addressed the relevant sentencing factors when imposing the sentence, did not choose the 262-month sentence arbitrarily, and did not unreasonably weight any factor.  No good faith argument could be raised that the within-guidelines sentence was substantively unreasonable.

[*Id.*]

Defendant Thomopoulos returned to this Court on October 29, 2024, by filing a motion for appointment of counsel and a motion for a reduced sentence under Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2).  [Record Nos. 53 and 54]. According to Thomopoulos, Amendment 821 reduced the number of status points which may be assessed, resulting in a reduced criminal history score.  But as the Court explained in denying his motion,

---

[2]   As United States District Judge Joseph Hood noted in announcing the sentence of incarceration, the nature of the offenses (*i.e.*, possession with intent to distribute methamphetamine and the "terrible drug fentanyl" together with guns) and the defendant's extensive criminal history (*i.e.*, "[I]t kept going. . . .  I mean, there was just more criminal activity, more criminal activity.)  supports a lengthy sentence.

> Thomopoulos had 24 points before he was assessed two recency points at the time of sentencing in 2019. This resulted in a total of 26 criminal history points being assessed. Thus, even if one point (rather than two) is assessed for recency under Amendment 821 to the sentencing guidelines, his total of 25 criminal history points would not change his Criminal History Category. And this would be true *even if* Thomopoulos were not placed in Criminal History Category VI by virtue of his status as a Career Offender under the relevant guidelines section.
>
> Because the defendant's guidelines range would not change with retroactive application of Amendment 821 to the United States Sentencing Guidelines (effective November 1, 2023), his is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) or U.S.S.G. 1B1.10(a)(2)(B) ("a reduction in the defendant's term of imprisonment is not consistent with the is policy statement and therefore is not authorized under 18 U.S.C. §3582(c)(2) if . . . . an amendment listed in subsection (d) [which includes Amendment 821] does not have the effect of lowering the defendant's applicable guideline range.").

[Record No. 56]

Undaunted, Defendant Thomopoulos now seeks relief under 18 U.S.C. § 3582(c)(1)(A). [Record No. 57] This statutory section states the general rule that a sentencing court may not modify a term of imprisonment once it has been imposed except in limited and enumerated instances. The exceptions include:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[3] may reduce the term of imprisonment (and may impose a term or probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > **(i)** *extraordinary and compelling reasons warrant such a reduction*; or
> > **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that

---

[2]  The undersigned assumes for purposes of addressing the present motion that the defendant has exhausted his administrative remedies.

> the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> *and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .*

*See* 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Section 1B1.13 of the United States Sentencing Guidelines contains the Sentencing Commission's definition of "extraordinary and compelling reasons" sufficient to support a sentence reduction. Defendant Thomopoulos does not contend in his present motion that his age, medical, or family circumstances constitute reasons for a sentence reduction under this policy statement. Likewise, he does not assert that he is a victim of abuse such that he would qualify for a reduced sentence under §1B1.13(b)(4).

Next, the defendant has not presented other circumstances similar to those identified in § 1B1.13(b)(1) through (4) when considered by themselves or together which would support a sentence reduction. And because Thomopoulos has not served at least ten years of the sentence imposed in 2019, he does not qualify for a sentence reduction under §1B1.13(b)(6). This leaves consideration of the factors identified in §1B1.13(c) through (e) as potential reasons for a sentence reduction. However, none would support the relief sought by the defendant.[4]

Section 1B1.13(e) states that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." But Thomopoulos does not argue that this provision should be applied.

---

[4]   As noted above, Defendant Thomopoulos received the benefit of changes under the First Step Act of 2018. He has not demonstrated that any other changes in the law should be considered for purposes of determining whether an extraordinary or compelling reason exists for a sentence reduction under §1B1.13(c)

Instead, he seems to focus on programs he has completed during federal incarceration, contending that his post-sentencing conduct is evidence of "spiritual and moral transformation" such that a reduced sentence is warranted. [Record No. 57]

While the Court commends the defendant for completing the many courses and programs identified [Record No. 57-2], it remains mindful that, while rehabilitative efforts may certainly be considered when considering a sentence reduction, Congress has firmly directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a reduced term of incarceration. 28 U.S.C. § 994(t). And other than unsupported arguments regarding prison conditions, that is essentially the only *legitimate* ground which would support a reduced sentence here.

Notwithstanding the fact that a sentence reduction would not be warranted pursuant to §994(t), it would be otherwise improper when considering the factors of 18 U.S.C. § 3553(a). Defendant Thomopoulos committed very serious drug and firearms offenses. When considered in light of his extensive criminal history (and corresponding likelihood of future criminal conduct), and the need for deterrence and just punishment, the factors of § 3553(a) would not be served by reducing Thomopoulos's term of imprisonment.

Finally, the undersigned notes that "every federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings." *United States v. Manso-Zamoro*, 991 F.3d 694, 696 (6th Cir. 2021). Although district courts may, if appropriate, appoint counsel if the circumstances warrant such relief, after examining this matter the undersigned concludes that appointment of counsel is not appropriate here. Accordingly, it is hereby

**ORDERED** that Defendant Thomopoulos's motion for compassionate release and a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) [Record No. 57] and motion to appoint counsel [Record No. 58] are **DENIED**.

Dated: December 2, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky