UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 5: 18-134-DCR |
| V. | ) |
| GREGORY THOMOPOULOS, | ) **MEMORANDUM ORDER** |
| Defendant. | ) |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Defendant Gregory Thomopoulos has filed what has been docketed as a motion for reconsideration [Record No. 62] of the denial of his earlier motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The present motion will be denied for the reasons outlined below.

Courts reviewing motions to reconsider in criminal cases typically employ the same standards that apply to civil motions to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *United States v. Guzman*, 2019 WL 4418015, at *2 (E.D. Ky. Sept. 16, 2019). The Court may grant a motion under Rule 59(e) only if the moving party shows: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, a motion under Rule 59(e) does not provide a dissatisfied party "an opportunity to reargue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Thomopoulos now seeks to contest the Court's denial of his motion for compassionate release by arguing that the sentencing guidelines treatment of the purity of drugs as a proxy for culpability is "a flawed premise." [Record No. 62, p. 2] But the extraordinary and compelling circumstances contemplated by Congress and the Sentencing Commission have traditionally focused on circumstances personal to the defendant or his family. *United States v. Washington*, 122 F.4th 264, 267 (6th Cir. 2024). As the United States Court of Appeals for the Sixth Circuit recently explained in *Washington*, disparities in sentencing based on the difference between crack and powder cocaine do not amount to "extraordinary and compelling" circumstances. Under the same reasoning, the defendant's qualms with harsher sentences for purer forms of methamphetamine also fail to qualify as extraordinary and compelling.

The defendant also repeats his earlier argument that he has taken significant steps to rehabilitate himself, and that the conditions in prison are unusually harsh. But as explained previously, those are not extraordinary and compelling reasons sufficient to support a sentence reduction. Further, Thomopoulous does not assert that he is a victim of abuse which might qualify for a sentence reduction under §1B1.13(b)(4). In fact, none of the factors identified in §1B1.13(c) through (e) supports the reduction he seeks. While the Court does not discount the personal growth or rehabilitation to which the defendant has attested, it did not improperly balance the relevant factors of 18 U.S.C. § 3553(a) as Thomopoulos now claims.

Thomopoulos pled guilty to possessing with the intent to distribute 50 grams or more of a methamphetamine mixture (Count 1), possessing with the intent to distribute a fentanyl mixture (Count 2) possessing a firearm in furtherance of his drug trafficking crimes (Count 3), and possessing a firearm following a felony conviction (Count 4). As noted earlier, those

crimes are particularly serious. Despite the defendant's objections, his sentence was (and remains) appropriate. Standing alone, rehabilitation of the defendant alone is not an extraordinary and compelling reason for a sentence reduction. *Washington*, 122 F.4th at 268. Again, the undersigned considers and commends Thomopoulos's self-improvement and rehabilitation, but on balance this does not warrant a sentencing reduction.

In summary, Thomopoulos has not established a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice that would warrant reconsideration of the Court's earlier decision. Accordingly, it is hereby

**ORDERED** that Defendant Thomopoulos's motion for reconsideration [Record No. 62] is **DENIED**.

Dated: December 23, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky